## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| DAVID REGENBOGEN | | CIVIL ACTION |
| VERSUS | | NO. 14-1494 |
| UNITED STATES OF AMERICA, ET AL. | | SECTION "L" (4) |

## ORDER AND REASONS

Before the Court is Defendant Pemco Ltd.'s 12(b)(6) Motion to Dismiss Plaintiff David Regenbogen's claims on the grounds that they are prescribed. (R. Doc. 54). Having considered the parties' motions and the applicable law, the Court now issues this Order and Reasons.

### I.      BACKGROUND

This lawsuit arises out of injuries allegedly sustained by Plaintiff David Regenbogen ("Plaintiff" or "Regenbogen") on November 2, 2012, while he visited a property that was for sale at 5601 York Street in Metairie, Louisiana. (R. Doc. 1). Plaintiff seeks damages for severe injuries he allegedly sustained when he fell as a result of a hazardous and dangerous condition on the property, specifically a "slippery surface located on the back deck of the home." (R. Doc. 21 at 1).

Following the accident, Plaintiff initially filed suit on November 1, 2013, against, *inter alia*, the United States of America d/b/a U.S. Department of Housing and Urban Development ("HUD"), pursuant to the Federal Tort Claims Act ("FTCA"). At the time the suit was filed, Plaintiff had not exhausted all administrative remedies under the FTCA – Plaintiff's Form 95 was still pending. Accordingly, HUD filed a Motion to Dismiss for lack of subject matter jurisdiction. On June 2, 2014, this Court granted the United States' Motion to Dismiss,

dismissing Plaintiff's lawsuit as premature pending the outcome of the Form 95 and investigation by the HUD.

On or about March 26, 2014, HUD sent notice that Plaintiff's claim filed through Form 95 was denied. Upon receiving this denial, Plaintiff had exhausted all administrative remedies allowed to him under the law. Accordingly, on June 26, 2014, Plaintiff re-filed his suit, naming, *inter alia*, HUD as a defendant. (R. Doc. 1). Then, on January 6, 2015, Plaintiff filed an Unopposed Motion to dismiss certain defendants and to "Substitute Cityside Management Corp., and Pemco Ltd for [HUD]." (R. Doc. 21). In his motion, Plaintiff stated:

> Through the initial litigation process, it has become apparent that the oversight, maintenance, management and preservation services for the property located at 5601 York Street, Metairie Louisiana was in fact contracted out to and the sole responsibility of both Cityside Management Corp. and Pemco Ltd.

*Id*. On January 7, 2015, the Court granted Plaintiff's Motion to Dismiss, thereby dismissing Plaintiff's claims against Shawn Thomas, State Farm Fire and Casualty Company, Action Realty Inc. d/b/a Century 21 Action Realty and XYZ Corporation and substituting Cityside Management Corp. ("Cityside") and Pemco Ltd. ("Pemco") as Defendants in place of HUD. (R. Doc. 22). Thereafter, on February 25, 2015, a summons was issued to Pemco, through its registered agent, requesting service of the instant action. (R. Doc. 25-1).

On October 12, 2015, Cityside filed a Motion to Dismiss arguing Plaintiff's claims against it were prescribed. (R. Doc. 40). The Court granted that Motion on November 18, 2015. (R. Doc. 50). Plaintiff filed a notice of appeal on December 17, 2015. (R. Doc. 53). Defendant Pemco filed this Motion to Dismiss on January 22, 2016. (R. Doc. 54). On March 19, 2016, this Court stayed and administratively closed the case pending the outcome of the aforementioned appeal. (R. Doc. 63). However, on June 27, 2016, the Fifth Circuit dismissed the appeal for lack of jurisdiction, finding the appeal premature because it had been filed before all claims and

parties were disposed of. (R. Doc. 64). Thereafter, the case was reopened and this Motion was re-set for submission.

## II.     PRESENT MOTION

Pemco moves to dismiss Plaintiff's claims pursuant to Federal Rule of Civil Procedure 12(b)(6). In the instant action, filed on June 26, 2014, Plaintiff alleges that his injuries were sustained on November 2, 2012, more than one year before the date of filing. The parties do not dispute that the Plaintiff's claims against Pemco are subject to a one-year prescriptive period. However, the parties do dispute whether (1) the applicable one-year prescriptive period was interrupted and (2) whether Plaintiff's claims against Pemco relate back to the date of Plaintiff's original complaint. The Court will address each argument in turn.

## III.    STANDARD OF REVIEW

The Federal Rules of Civil Procedure permit a defendant to seek dismissal of a complaint based on the "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A district court must construe facts in the light most favorable to the nonmoving party. The court must accept as true all factual allegations contained in the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted). Dismissal is appropriate only if the complaint fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corporation et al. v. William Twombly,* 550 U.S. 544, 570 (2007).

Prescription may be raised in a Rule 12(b)(6) motion to dismiss. *See Tigert v. Am. Airlines Inc.,* 390 F. App'x 357 (5th Cir. 2010) (affirming dismissal of time-barred claim under 12(b)(6)). A prescriptive defense supports dismissal under 12(b)(6) "where it is evident from the plaintiff's pleadings that the action is barred and the pleadings fail to raise some basis for tolling or the like." *Jones v. Alcoa, Inc.,* 339 F.3d 359, 366 (5th Cir. 2003); *Anderson v. City of New Orleans*, No. CIV.A. 03-3010, 2004 WL 1396325, at *3 (E.D. La. June 18, 2004) ("A complaint is subject to dismissal for failure to state a claim upon which relief can be granted if the prescriptive period has run.").

### IV.    LAW AND ARGUMENT

Liberative prescription is a method of barring actions due to inaction. La. C. C. art. 3447. The type of action that a plaintiff brings determines the applicable prescriptive period. *Starns v. Emmons*, 538 So.2d 275, 277 (La. 1989). A delictual action, like the one Plaintiff brings against Pemco, is subject to a liberative prescription of one year, which begins to run on the date the injury or damage is sustained. La. C. C. art. 3492. Generally, prescription statutes are strictly construed against prescription and in favor of the claim sought to be extinguished by it. *Bailey v. Khoury*, 04–620 (La.1/20/05), 891 So.2d 1268, 1275.

### A. The prescriptive period was not interrupted pursuant to La. C. C. art. 3462

La. C. C. art. 3462 controls how prescriptive periods are generally interrupted:

> Prescription is interrupted when the owner commences action against the possessor, or when the obligee commences action against the obligor, in a court of competent jurisdiction and venue. If action is commenced in an incompetent court, or in an improper venue, prescription is interrupted only as to a defendant served by process within the prescriptive period.

Both Plaintiff's original complaint and the instant action allege an injury sustained on November 2, 2012. Although Plaintiff filed his original complaint within the applicable one-year period,

this filing did not operate as an interruption of the prescriptive period because the Defendant was not a party to the lawsuit at the time.

Pursuant to La. C. C. art. 3462, the running of prescription may be interrupted by the timely filing of an action in one of two circumstances: (1) the court in which the action is filed is competent, or, if not, (2) service of process on the defendant is perfected before prescription has run. In this instance, neither of these circumstances have been satisfied. Under Louisiana law, a court is competent if it has jurisdiction over the subject matter and is a proper venue for the action. La. C. C. art. 5251(4). In this instance, Plaintiff's original complaint was insufficient to interrupt prescription as, at the time of the filing, this Court did not have subject matter jurisdiction over Plaintiff's claims. Further, since Pemco was not named as a defendant to Plaintiff's original complaint, service was not perfected on Pemco within the appropriate prescriptive period.

### B.  The prescriptive period was not interrupted pursuant to La. C. C. art. 1799

Identifying more ways that prescriptive periods can be interrupted, La. C. C. at. 1799 provides that "[t]he interruption of prescription against one solidary obligor is effective against all solidary obligors and their heirs." Under La. C. C. art. 1794, "[a]n obligation is solidary for the obligors when each obligor is liable for the whole performance. A performance rendered by one of the solidary obligors relieves the others of liability toward the obligee." Further, "an obligation may be solidary though for one of the obligors it is subject to a condition or term." La. C. C. art. 1798.

Plaintiff argues that Pemco is a solidary or joint obligor with HUD because it entered into a contract to market and sell the property. R. Doc. 72. However, Plaintiff offers no support for its argument that a contract's indemnification clause creates a solidary relationship. Moreover,

under Louisiana law, parties are solidarily liable to the extent they share coextensive liability to repair certain elements of the same damage." *Glasgow v. PAR Minerals Corp.*, 70 So. 3d 765, 772 (La. 5/10/11). Here, Plaintiff has not met its burden to prove that Pemco was a solidary obligor in conjunction with any of the defendants, including HUD. *Toomer v. A-1 Fence & Patio, Inc.*, 2008-2197 (La. App. 1 Cir. 10/27/09), 29 So. 3d 609, 611-12 (La. Ct. App. 2009) ("[W]hen the plaintiff's basis for claiming an interruption of prescription is solidary liability between two or more parties, the plaintiff bears the burden of proving that a solidary relationship exists."). In fact, HUD has no obligation to the Plaintiff and cannot be considered an "obligor," solidary or otherwise. *See Etienne v. Nat'l Auto. Ins. Co.,* 1999-2610 (La. 4/25/00), 759 So. 2d 51, 56 (La. 4/25/00) ("Filing suit against a party who is later determined to be without obligation to the plaintiff does not interrupt prescription against a purported solidary obligor who was not timely sued.").[1]

### C.  Plaintiff's claims against Pemco do not relate back to the date of his complaint against HUD

Notwithstanding the foregoing, Plaintiff's claims against HUD were not prescribed because the Form 95 interrupted prescription. As was discussed above, before a lawsuit may be filed under the FTCA, a Plaintiff must first exhaust all his administrative remedies. 28 U.S.C. § 2675. The requirement of exhaustion of remedies is a jurisdictional requisite to the filing of an action under the FTCA. *McAfee v. 5th Circuit Judges*, 884 F.2d 199, 204 (5th Cir. 1981). The purpose of the requirement that notice of the claim must be presented to the implicated agency before suit may be filed under the FTCA is to provide sufficient opportunity to resolve the matter

---

[1] Because this Court finds that PEMCO and HUD are not solidarily liable, Plaintiff's argument that prescription may be interrupted by a timely suit filed against an immune defendant is moot.

at the administrative level without the necessity of judicial intervention. *Montoya v. United States*, 841 F.2d 102, 104 (5th Cir. 1988).

The prescriptive period for the FTCA is outlined in 28 U.S.C. § 2401(b) and states:

> [A] tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of the mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

HUD received a claim for injury damages from Plaintiff on October 13, 2013. Plaintiff received notice of the denial of his claim by HUD on March 26, 2014, indicating that his administrative claim had been denied and that he could bring suit against United States in district court within six months of the denial. Plaintiff proceeded to file the instant lawsuit on June 26, 2014, well within the six month prescriptive period allowed under the FTCA. Therefore, Plaintiff's lawsuit against HUD was timely filed.

Accordingly, the question now before the Court is whether Plaintiff's substitution of Pemco for the HUD relates back to the filing of Plaintiff's complaint on June 26, 2014. Federal Rule of Civil Procedure 15(c) allows a plaintiff to amend a pleading to change a party even if the amendment is filed after the statute of limitations has run against the party to be added if that party has been sufficiently put on notice. Rule 15(c) provides:

> **(c) Relation Back of Amendments.**
> **(1)** ***When an Amendment Relates Back.*** An amendment to a pleading relates back to the date of the original pleading when:
>   **(A)** the law that provides the applicable statute of limitations allows relation back;
>   **(B)** the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out-
>   -or attempted to be set out--in the original pleading; or
>   **(C)** the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule

> 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m)[2] for serving the summons and complaint, the party to be brought in by amendment:
>
> **(i)** received such notice of the action that it will not be prejudiced in defending on the merits; and
>
> **(ii)** knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Rule 15(c)(1) allows an amended pleading to relate back when "relation back is permitted by the law that provides the statute of limitations applicable to the action." *Id*; *see also Maltese v. Keller Indus., Inc.*, 853 F. Supp. 945, 948-51 (E.D. La. 1994). The Louisiana statute of limitations is applicable to this action. Under Louisiana law, "[w]hen the action or defense asserted in the amended petition or answer arises out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of filing the original pleading." La. C. Civ. P. art. 1153.

The Louisiana Supreme Court in *Ray v. Alexandria Mall* established the following criteria for determining when article 1153 permits an amendment naming a new party to relate back to the date of the filing of the original petition:

> (1) The amended claim must arise out of the *same transaction or occurrence* set forth in the original pleading;
>
> (2) The purported substitute defendant must have received *notice* of the institution of the action such that he will not be prejudiced in maintaining a defense on the merits;
>
> (3) The purported substitute defendant must *know or should have known* that but for a mistake concerning the identity of the proper party defendant, the action would have been brought against him;
>
> (4) The purported substitute defendant *must not be a wholly new or unrelated defendant*, since this would be tantamount to assertion of a new cause of action which would have otherwise prescribed.

---

[2] With certain limited and irrelevant exceptions, Federal Rule of Civil Procedure 4(m) requires service of complaints within 120 days after filing.

434 So.2d 1083, 1086–87 (La. 1983) (emphasis added). Applying these criteria to the case *sub judice,* the amended claim arises out of the same transaction in the original suit, as the amended claim merely substitutes a different party. Therefore, the first *Ray* criterion is met.

The second requirement is that the purported substitute defendant must have received notice of the action such that he will not be prejudiced in maintaining a defense. Pemco argues that this means notice within 120 days of the date Plaintiff's complaint was filed pursuant to Rule 15(c)(1)(C). Plaintiff argues that Pemco had constructive notice of the suit because Century 21, who they contend were Plaintiff's agent, had notice of the original complaint filed on November 1, 2013. R. Doc. 72 at 9.

There has been no evidence presented to show that Pemco received any notice of the instant action within 120 days after suit was filed. Indeed, a summons requesting service of the instant action upon Pemco was not requested until February 25, 2015, which was over seven months after the filing of the instant action. However, pursuant to Louisiana law and article 1153, the critical inquiry is whether the defendant is prejudiced by the untimely filing. Therefore, the Court must determine whether Pemco received notice of the action such that it will not be prejudiced in maintaining a defense.

In support of his argument that the amended petition relates back to the original petition, the Plaintiff relies on *Findley v. City of Baton Rouge,* 570 So.2d 1168 (La.1991), *reh'g denied,* Jan. 17, 1991. The plaintiff in *Findley* was injured in a public park in Baton Rouge, Louisiana, and filed suit (within the prescriptive period) against the City of Baton Rouge, alleging that his injuries were caused by a defective condition in a park roadway. Approximately 15 months after the plaintiff's accident, the City discovered that the park was owned by the Recreation and Park Commission for the Parish of East Baton Rouge (BREC) and that the city had never owned,

maintained, or controlled the property or its roadways. The City thereafter filed a motion for summary judgment seeking dismissal, which was granted, and the plaintiff filed an amended petition naming BREC as a defendant.

The trial court dismissed BREC on the basis of prescription, and the court of appeals affirmed. The Louisiana Supreme Court reversed, finding that the *Ray* criteria had been met. *Id.* The amended petition related back because (1) the two defendants were closely related and (2) BREC was not prejudiced by the untimely filing given that the City notified BREC of its investigation of the lawsuit shortly after the incident. *Id.* at 1171. The instant matter is factually distinguishable from *Findley* in both these regards.

### i. *Cityside and HUD are not sufficiently closely related*

In *Findley*, the relationship between the City of Baton Rouge and BREC was a "very close relationship" such that notice to the City served as notice to BR. *Id.* at 1172. In fact, the Louisiana Supreme Court characterized the relationship between them as "much the same as that between a parent corporation and a subsidiary which is a separate legal entity." *Id.* at 1171-72. The relationship between Cityside and the United States, a contractual indemnity relationship, is not a close relationship akin to that between a parent corporation and subsidiary.

Plaintiff fails to support their argument that agency relationship is sufficient for Pemco and Century 21 to have an identity of interest. To find that a petition relates back, "[t]he original and the new defendant must have an identity of interest. An identity of interest has been found between a parent corporation and a wholly owned subsidiary and between corporations with interlocking officers. The relationship must be such that there is an inference of notice." *Std. Fire Ins. Co. v. Safeguard Storage Props., L.L.C.*, 04-794 ( La. App. 5 Cir 01/25/05), 894 So. 2d 502, 506. The court in *Standard Fire* found that the two defendants did not have an identity of interest

10

even when they had the same counsel and shared a board member. *Id*. The entities had different

corporate residences and different agents for service of process. Further, the court found that

> [t]here has been no showing that Safeguard had any control over
> Fifteen, nor that Safeguard Storage is the parent corporation of
> Fifteen. Indeed, there has been no showing that Safeguard Storage
> and Fifteen are sufficiently related so as have an identity of interest.
> Stated another way, Standard has not shown any duty owed to it by
> Safeguard Storage.

*Id*. at 508. The relationship between Pemco and Century 21 in the instant case is even further

removed than the corporate relationship considered in *Standard Fire*. While Pemco contracted

with Century 21 to provide certain services at the Property this relationship is, at most, one of

agency, and is insufficient for identity of interest. There is no evidence the corporates shared

personnel or officers, nor is there any evidence that either party issued a measure of control over

the other. Plaintiff has failed to demonstrate a relationship between Century 21 and Pemco such

that notice to Century 21 constitutes notice to Pemco.

Further, the relationship between Pemco and the United States is analogous to the

relationship between defendants in *Morris v. Westside Transit Line*, 841 So.2d 920 (2003). In

*Morris*, an injured pedestrian brought an action against Westside Transit Line and American

Transit Corporation after she fell at a bus stop, which was allegedly under the care, custody, and

control of the named defendants. 841 So.2d 920 (2003). ATC/Vancom, which had been

improperly named as Westside Transit Line and American Transit Corportation, answered the

petition. ATC/Vancom subsequently filed a motion for summary judgment arguing that it had no

ownership or maintenance responsibility over the bus stop and that Jefferson Parish owned the

land upon which the bus stop was located. Plaintiff, after the prescriptive period had run, filed an

amended petition naming Jefferson Parish as a defendant to the proceedings. A second amended

petition was also filed naming Ferdinand Cerruti as an additional defendant.

Thereafter, Jefferson Parish and Cerruti filed exceptions of prescription arguing plaintiff's claims against them were untimely lodged. In opposition to those exceptions, Morris submitted evidence of a contract between Jefferson Parish an ATC/Vancom which called for transit management services and included an indemnity agreement in favor of Jefferson Parish. The trial court maintained defendants' exceptions of prescriptions, dismissing plaintiff's claims against Jefferson Parish and Cerruti. An appeal followed wherein plaintiff contended, *inter alia*, that the amended petitions filed against Jefferson Parish and Cerruti related back to the timely filed original petition. The Louisiana Fifth Circuit Court of Appeal upheld the trial court's decision granting defendants' exceptions of prescription, reasoning as follows:

> In the present case, there is no evidence that ATC/Vancom had any type of identity of interest or a sufficient connexity of relationship with Jefferson Parish. There is no evidence that Jefferson Parish was notified of the lawsuit during the prescriptive period or that Jefferson Parish would not be prejudiced by the failure to receive notice with the statutory prescriptive period. Rather, the record shows that the Parish of Jefferson is a not a related party to the party timely sued, and as such, the amended petition does not relate back to the original petition pursuant to La. C.C.P. art. 1153.

*Id.* at 926. In the instant matter, as in *Morris*, Plaintiff has not shown a "sufficient connexity of relationship" between the United States and Pemco such that notice of the suit to the United States served as notice to Pemco. The only evidence presented by Plaintiff in support of his relation back argument is the contract between the United States and Pemco. Plaintiff has not presented any evidence to show that the parties are connected in any other way nor has he shown that Pemco was put on notice of his claim prior to its being named as a Defendant and receiving the summons issued in this matter.

### ii.   Cityside was prejudiced by Plaintiff's untimely filing

In *Findley*, the amended petition did not prejudice BREC in preparing and conducting its defense:

> BREC did not dispose of any documents or suffer the loss of any witnesses who became unavailable because of the delay. There was no prejudice by loss of opportunity to investigate, because the City, upon being notified by the filing of the suit approximately six weeks after the accident, did perform an investigation. It is undisputed that the material gathered in the City's investigation (which includes photographs of the pot hole taken by the plaintiff's agent on the day of the accident) has been made available to BREC, which is an agency established to provide recreational services to the citizens of the City

*Findley*, 570 So.2d at 1171. In the instant matter, there was no notice to Pemco by any timely-named defendant nor was an investigation into Plaintiff's injuries conducted either on Pemco behalf or by a party with sufficient "connexity of interests."

Plaintiff has claimed significant personal injuries resulting from the November 2, 2012 incident including both a neck surgery performed in November 2012 and a back surgery performed in July 2014. By the time Cityside was substituted as a Defendant in this matter, both of the Plaintiff's surgeries had taken place thereby prohibiting Cityside from obtaining a pre-surgery independent medical examination ("IME"), which prejudices Cityside's defense of this suit. While Plaintiff argues his injuries were severe and emergent, thus preventing an IME in any case, the untimely addition of Pemco also prevented them from inspecting the Property where the alleged injury occurred. By the time Pemco received notice of the suit, many months had passed and the Property had been sold. The delay in notice prevented Pemco from conducting any useful inspection of the Property. Accordingly, the lack of timely notice is unduly prejudicial to Pemco's defense in this case.

Because the second *Ray* criterion is not met, the Court need not analyze the remaining third and fourth criteria.

13

## V.      CONCLUSION

For the foregoing reasons, the Plaintiff's claims against Pemco are time-barred. Thus, **IT IS ORDERED** that Pemco's motion to dismiss (R. Doc. 54) is **GRANTED** and Plaintiff's claims against it are **DISMISSED** with prejudice, at Plaintiff's cost, pursuant to Federal Rule of Civil Procedure 12(b)(6).


New Orleans, Louisiana, this 17th day of February, 2017.

UNITED STATES DISTRICT JUDGE